Wyly, J.
Defendant, Frank O’Brian, who was convicted on an information for: First, forging an order for the delivery of goods. Second, publishing as true a forged order for the delivery of goods, and sentenced to the penitentiary for four years, appeals from the judgment of the court below.
*690 In this court his counsel files an assignment of errors, the most important objection being, that the accused was tried before George H. Braughn, Esq., an attorney at law, who presided under an appointment of Judge Atocha, the judge of said court; that the statute which authorized the judge to appoint an attorney at law to discharge the duties of his office during his inability to act on account of sickness, was unconstitutional, null and void, and the trial, conviction and sentence of this defendant were therefore null and void.
Article 90 of the constitution provides that: “In any case when the judge may be' recused, and when he is not personally interested in the matters in contestation, he shall select a lawyer, having the qualifications for a judge of his court, to try such cases. And when the judge is personally interested in the suit, he shall call upon the parish or district judge, as the case may be, to try the case.”
The express requirement of this article, that the judge shall select a lawyer to try a certain class of cases, carries with it an implied inhibition against the judge selecting or appointing a lawyer to act in his place and stead in the trial of any other cases; and what a judge is forbidden by the constitution to do, he can not be authorized to perform by an enactment of the General Assembly. The provision of the statute under which Judge Atocha appointed George H. Braughn, Esq., to preside in his court and try defendant, being repugnant to the constitution, was void from the beginning; and the appointment was a nullity.
The defendant was, therefore, tried, convicted and sentenced in the Superior Criminal Court, during the absence of the judge of that court, and without any competent judge presiding at the time. The attorney who presided had no more authority to act as judge than any other person who was present at the trial.
As to the position that George H. Braughn was a defacto judge, and therefore his official acts were valid, we will remark that he had no color of title to the office of judge of' the Superior Criminal Court? held no commission from the Governor, and set up no adverse title to the office. Indeed he never claimed or pretended to be judge of that court. He recognized Judge Atocha as the judge of the court, and with his authorization attempted to perform the duties of that officer during his inability to act on account of sickness. The sole question therefore in the case is a question of authority of a judge to appoint an attorney to perform his official duties during his sickness, in view of the clause of the constitution quoted. And this question we think we have disposed of in the observations already made.
It is therefore ordered that the judgment appealed from he annulled, and that this case he remanded to be tried according to law.